UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MITCHEL LICHTMAN,

                              Plaintiff,

                                                              Case No. 24-CV-06038-FPG

v.

                                                              DECISION AND ORDER

HON. BRIAN D. DENNIS, et al.,

                              Defendants.

## INTRODUCTION

Plaintiff Mitchel Lichtman ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Hon. Brian D. Dennis; Ontario Family Court; and Ontario County ("Defendants"), alleging constitutional violations pursuant to 42 U.S.C. § 1983. ECF No. 1 at 1, 41-46. Plaintiff alleges that Judge Dennis violated his constitutional rights by issuing orders that Plaintiff could have no contact with his grandchildren, after Plaintiff's daughter-in-law sought sole custody of her children, following her divorce from Plaintiff's son. *Id*. at 5-9. Plaintiff had pleaded guilty to a felony involving possession of a sexual performance by a minor in the 1990s, and admitted to sexually abusing his son when he was a teen. *Id*. at 5. Defendants have moved to dismiss Plaintiff's complaint. ECF Nos. 6, 9.

For the reasons set forth below, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

Courts evaluating a motion to dismiss must accept facts alleged in the complaint as true and draw all reasonable inferences from those facts in favor of the non-moving party. *Nat'l Fed.*

*of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567 (D. Vt. 2015).  As such, the facts below are taken from Plaintiff's complaint.

In March 2021, Plaintiff's daughter-in-law filed a motion in Ontario County Family Court seeking full legal custody of her children and to prohibit Plaintiff's contact with them, after her divorce from Plaintiff's son.  ECF No. 1 at 9.  Plaintiff states that he posed "no significant risk of harm to his grandchildren[,]" despite his prior misconduct and that he had developed a positive relationship with them and his son.  *Id*.  "Upon receiving the motion […] in March of 2021, the court issued an *ex parte* order barring any contact between Plaintiff and his grandchildren."  *Id*. at 11.  In June 2021, Plaintiff filed a request for grandparent visitation.  *Id*. at 13-15.  After a hearing, Plaintiff's motion was denied.  *Id*. at 16-17.  In denying Plaintiff's motion, Judge Dennis cited, *inter alia*, Plaintiff's sexual abuse of his son when he was thirteen years old, and other offenses to which Plaintiff had previously pleaded guilty.  ECF No. 1 at 17.

On June 1, 2022, Judge Dennis issued an order prohibiting contact between Plaintiff and his grandchildren until 2034.  ECF No. 1 at 3.  On July 14, 2022, Judge Dennis entered an order of protection against Plaintiff.  *Id*.  On June 30, 2022, the Appellate Division unanimously affirmed Judge Dennis's decisions.  ECF No. 1 at 78-81.

## LEGAL STANDARD

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (internal quotation marks omitted).  A district court must accept as true all factual statements alleged in the complaint and draw all

reasonable inferences in favor of the nonmoving party.  *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

But even a plausibly pleaded complaint may be dismissed under Rule 12(b)(6) if the motion raises a well-supported affirmative defense, including the defense that the claim is barred by the applicable statute of limitations, and the propriety of the defense "appears on the face of the complaint."  *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *see also McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 76 (2d Cir. 2010).  The Court now turns to Defendants' motions.

## DISCUSSION

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 6, 9.  The Court first addresses the motions to dismiss the claims asserted against Defendants Ontario County and the Ontario County Family Court, before proceeding to address Plaintiff's claims against Defendant Hon. Brian D. Dennis ("Judge Dennis").

### A.  Ontario County

Defendant Ontario County moves to dismiss on the grounds that no allegations of misconduct are asserted against it in Plaintiff's complaint apart from its mere status as the county in which the Ontario Family Court is located.  ECF No. 6-1 at 2-4.  In response, Plaintiff stated that he "does not oppose Defendant Ontario County's Motion to Dismiss[.]"  ECF No. 11 at 1.  Because Plaintiff's complaint does not include allegations that may plausibly establish Defendant's liability for the alleged misconduct, and because Plaintiff does not oppose Defendant's motion, Defendant's motion to dismiss Plaintiff's claims against Ontario County is granted.

When a plaintiff sues a municipality, such as Ontario County, the plaintiff must allege the municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*, 563 U.S. 5 I, 60 (2011) ("A municipality or other local government may be liable under this section [1983] [for the acts of its employees] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).  To state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

As stated, Plaintiff does not allege facts in his complaint that may plausibly establish that Ontario County caused the alleged violation of Plaintiff's rights through a municipal custom, policy, or otherwise, nor that Judge Dennis is even an employee of Ontario County whose alleged misconduct may be attributable to some custom, policy, or practice it created.  Judge Dennis, as a member of Ontario County Family Court, is presumably employed by the New York State Unified Court System, and Plaintiff fails to plausibly allege that he is employed by Ontario County.  S*ee, e.g., Gordon v. Albany Cnty.*, 454 N.Y.S.2d 52, 53 (Sup. Ct. 1982) ("[A] County Court Judge is not an employee of the County."); *see also Donlon v. City of Hornell*, No. 23-CV-6096-FPG, 2023 WL 2236490, at *3 (W.D.N.Y. Feb. 27, 2023).  Accordingly, Defendants' motion to dismiss the claims asserted against this Defendant is granted.

**B.  Ontario County Family Court**

Defendant Ontario County Family Court moves to dismiss Plaintiff's complaint on the grounds that Plaintiff's Section 1983 claims against the entity are barred by the Eleventh Amendment because the court is an agency of the New York State Unified Court System.  ECF No. 9-1 at 6-7.  In response, Plaintiff indicated that he "does not oppose Defendant Ontario County Family Court's […] Motion to Dismiss, based only on Defendants' claim that suits against states and their agencies are barred by the [Eleventh] Amendment[.]"  ECF No. 13 at 1.  For the reasons below, the Court grants Defendants' motion to dismiss Plaintiff's claims against Ontario County Family Court on other grounds.

Section 1983 "provides that an action may be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws.'"  *Brown v. Nassau Cnty.*, No. 05-CV-872, 2005 WL 1124535, at *3 (E.D.N.Y. May 9, 2005).  But a state court "is not a 'person' within the meaning of § 1983."[1]  *Id.*; *see also, e.g., id.* (family court in Nassau County not subject to suit under Section 1983); *Gault v. Admin. Fair Hearing at 14 Boerum Place*, No. 14-CV-7398, 2016 WL 3198280, at *2 (E.D.N.Y. June 8, 2016); *Mills v. Brooklyn Fam. Ct.*, No. 87-CV-2711, 1987 WL 14803, at *1 (E.D.N.Y. Oct. 19, 1987).  Even construing Plaintiff's complaint liberally to assert claims against the New York State Unified Court System, the "New York State Unified Court System" is likewise not a "person" within the "meaning of 42 U.S.C. § 1983," and as such, cannot be sued under that statute.  *Brown v. N.Y.S. Unified Ct. Sys.*, 261 F. App'x 307, 308-09 (2d Cir. 2008) (summary order); *Donlon v. City of Hornell*, No. 23-CV-6096-FPG, 2023 WL 1784669, at *1 (W.D.N.Y. Feb. 6, 2023).  Thus, the Ontario County Family Court must be dismissed from this action.  *See Mongielo v. Kantor*, No. 21-CV-973-FPG, 2022 WL 1049247, at *3 (W.D.N.Y.

---

[1] Nor is a state court a municipality for *Monell* purposes.

Apr. 7, 2022) (dismissing state court from Section 1983 action).  The Court need not reach Defendant's Eleventh Amendment argument because Plaintiff does not adequately allege a colorable Section 1983 claim.

### C. Hon. Brian J. Dennis

Defendants move to dismiss Plaintiff's claims against Judge Dennis on the grounds that (i) he has absolute immunity from monetary damages claims brought against him in his official capacity and (ii) individual capacity damages suits are barred when the alleged misconduct arises from the performance of judicial duties.  ECF No. 9-1 at 4-6.  Defendants do not address Plaintiff's claims for injunctive or declaratory relief.  In response, Plaintiff states that he is not seeking damages, only injunctive and declaratory relief, and that such relief is available.  ECF No. 13 at 5-9.  Plaintiff's complaint confirms that Plaintiff seeks only injunctive and declaratory relief.  *See generally* ECF No. 1.  The parties do not dispute that Judge Dennis was acting in his official capacity at all relevant times.

Plaintiff appears to request (i) an injunction enjoining enforcement of Judge Dennis's June 1, 2022 order prohibiting contact between Plaintiff and his grandchildren until 2034, and the July 14, 2022 order of protection, and (ii) a declaratory judgment stating that "Plaintiff's constitutional rights have been violated […] and that therefore, the unlawful orders mandating that he have no contact with his grandchildren must be vacated[,]" presumably via the injunctive relief he also requests.  ECF No. 1 at 4-5.  For the reasons below, Plaintiff's claims for injunctive and declaratory relief are dismissed.

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies when the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites district court review and rejection of that judgment, and (4) commenced district court proceedings after the state judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff's claims are likely barred by the *Rooker-Feldman* doctrine. This federal court proceeding commenced in 2024, approximately two years after the challenged state court orders were issued against Plaintiff in 2022. ECF No. 1; *see Szymonik v. Connecticut*, 807 F. App'x 97, 99 (2d Cir. 2020) (summary order). Plaintiff appears to have "lost" in state court, and is complaining of "injuries caused by the state court judgment"—specifically, the challenged orders. *Vossbrinck*, 773 F.3d at 426. Even if the challenged orders do not constitute "state court judgments" under *Rooker-Feldman*, the Appellate Division's denial of Plaintiff's appeal in 2022 is a "state court judgment" which appears to constitute a "final disposition of the entire state court case" from the face of Plaintiff's complaint.[2] *Szymonik v. Connecticut*, No. 3:18-CV-263 (MPS), 2019 WL 203117, at *5 (D. Conn. Jan. 15, 2019), *aff'd*, 807 F. App'x 97. While Plaintiff is challenging orders which will be enforced until 2034, this does not mean that "the state proceeding is ongoing[,]" such that *Rooker-Feldman* would not apply. *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 210 (E.D.N.Y. 2009). Though Plaintiff frames his complaint in constitutional terms and requests injunctive relief, it appears to be, "in substance, [an] appeal[] from state-court judgments." *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Accordingly, Plaintiff's claims may be dismissed for lack of jurisdiction.

---

[2] There is no indication from Plaintiff's complaint that he sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. However, his motion for leave was dismissed and denied. *Ceravolo v Lefebvre*, 41 N.Y.3d 926 (2024).

Even if *Rooker-Feldman* did not apply, Plaintiff's request for injunctive relief enjoining enforcement of Judge Dennis's orders would be barred.  The text of Section 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Plaintiff's complaint does not plausibly allege that Judge Dennis violated a declaratory decree or that declaratory relief was unavailable.  *Cinotti v. Adelman*, 709 F. App'x 39, 41 (2d Cir. 2017) (summary order).  "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."  *LeDuc v. Tilley*, No. 3:05-CV-157-MRK, 2005 WL 1475334, at *6 (D. Conn. June 22, 2005).  In addition, Plaintiff seeks declaratory relief in this action.  ECF No. 1 at 4-5.  To the extent Plaintiff's declaratory claims are retrospective in nature in that they seek a declaration that Judge Dennis's orders violated the Constitution, they are barred by the doctrine of absolute immunity. *LeDuc*, 2005 WL 1475334, at *7 ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

The only relief potentially available to Plaintiff would be prospective declaratory relief, as Plaintiff appears to claim, in somewhat conclusory fashion, to be seeking in his response to Defendants' motion to dismiss.  *See* ECF No. 13 at 9; *Francis v. Pellegrino*, 224 F. App'x 107, 108 (2d Cir. 2007) (summary order) (doctrine of judicial immunity not a bar to prospective declaratory relief); *Mongielo v. Kantor*, No. 21-CV-973-FPG, 2022 WL 1049247, at *3 (W.D.N.Y. Apr. 7, 2022) (citing *See MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009)).  But the Court does not construe Plaintiff's complaint to be asserting a claim for prospective declaratory relief.  ECF No. 1 at 4-5.  Rather, Plaintiff seeks injunctive relief from this Court enjoining two orders issued in the past, and a declaratory judgment announcing that

"Plaintiff's constitutional rights *have been* violated" by the orders, which constitutes retrospective declaratory relief. ECF No. 1 at 4-5 (emphasis added). Plaintiff does not plausibly allege that Judge Dennis's orders constitute a "continuing violation of the Constitution[,]" such that his claims may be construed as claims seeking prospective declaratory relief, alone. *MacPherson*, 664 F. Supp. 2d at 211. Accordingly, Plaintiff's claims against Judge Dennis are dismissed.

## CONCLUSION

Ordinarily, in view of the leniency to be afforded to plaintiffs proceeding *pro se*, the Court provides such plaintiffs an opportunity for leave to amend prior to dismissal. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, such leave may not be given if the Court determines that further leave to amend would be futile. Even when Plaintiff's complaint is "liberally construe[d]," the Court concludes that providing leave to amend Plaintiff's complaint would be futile. *See Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 6, 9, are GRANTED. Accordingly, Plaintiff's complaint is dismissed with prejudice. The Clerk of Court is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: May 21, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

9